# EXHIBIT F
# to Combined Motion

Proposed Subpoenas to:

1. Apple Inc.
2. Domains By Proxy, LLC
3. Foris Dax, Inc.
4. Lycamobile USA Inc.
5. Meta Platforms, Inc.

# Proposed Subpoena to
Apple Inc.

# ATTACHMENT A
## to
## Plaintiff Gerald Knoll's Subpoena to Apple Inc.

## INTRODUCTION

1. Plaintiff Gerald Knoll hereby requests that, for the purposes of complying with the subpoena commanding production of documents, electronically stored information, or tangible things (duces tecum), that APPLE INC. d./b/a Apple (hereinafter "Apple") utilize the proffered definitions below.

2. The definitions proffered herein do not purport to expand the obligations to produce documents, electronically stored information or tangible things other than customer calling records or subscriber information as kept in the usual course of business.

## DEFINITIONS

1. "You" or "your" includes but is not limited to Apple and any other entities, subsidiaries or capacities which you possess an interest in.

2. "Customer" shall refer any account which is tied to an individual customer, individual, or entity, and shall be broadly construed.

3. "Person(s)" includes not only natural persons, but also firms, limited liability companies, professional limited liability companies, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations.

4. As used herein, any reference to any "person" includes the present and former officers, members, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of the person and also its subsidiaries, affiliates, divisions, and predecessors and successors in interest.

5. The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (i.e., "ing," "ed," etc.) shall be construed to include each other.

6. The following rules of construction apply to these discovery requests:

   i. **All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

   ii. **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

   iii. **Number.** The use of the singular form of any word includes the plural and vice versa.

   iv. **Gender.** The masculine shall be construed to include the feminine and vice versa.

   v. **Tense.** The present tense shall be construed to include the past tense and vice versa.

7. "Knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

8. "Including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

9. "Reflect, refer, or relate to" means reflecting, referring to, relating to, regarding, describing, evidencing, discussing, concerning, mentioning, pertaining to, alluding to, or associated with or constituting, directly or indirectly.

10. "To present" means to the date on which you respond to these interrogatories and requests.

11. "Document(s)" include all "writings," "recordings," and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence ("FRE"), and should be construed

in the broadest sense permissible. Accordingly, "document(s)" includes, but is not limited to, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video tape) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made. Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or documentary materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. In addition, the word "document(s)" encompasses all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including but not limited to "email," "voice mail," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

12. "Communication" means the transmittal of information (in the form of facts, digits, numbers, alphanumeric representations, ideas, inquiries or otherwise).

13. Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, telephone number (including, where applicable, country code) and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been

identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

14. Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s), addressee(s) and recipient(s); (v) the location of the document; (vi) the identity of the person who has custody of the document; (vii) Whether the document has been destroyed, and if so, the date of its destruction, the reason for its destruction and the identity of the person who destroyed it or caused it to be destroyed.

<u>SCHEDULE OF DOCUMENTS TO BE PRODUCED</u>

For the iOS application available on the Apple App Store from Approximately 1 April 2023 to 19 October 2023 with the title "Zaif INT" published by "ArdaA Eskici":

1. Developer name, Developer Apple ID, Bundle ID, email address, and phone number.

2. <u>Developer payment method and billing address.</u>

3. Primary language of the application.

All responsive data is to be provided in both Adobe PDF format and Microsoft Excel format, unless otherwise arranged with plaintiff's counsel.

Please indicate in your response to this subpoena if there is any data loss due to the time difference between the date of the receipt of this subpoena and the time period requested, and if so, a detailed description of what data is not recoverable.

# Proposed Subpoena to
Domains By Proxy, LLC

<u>INTRODUCTION</u>

1. Plaintiff Gerald Knoll hereby requests that, for the purposes of complying with the subpoena commanding production of documents, electronically stored information, or tangible things (duces tecum), that Domains By Proxy LLC (hereinafter "Domains by Proxy") utilize the proffered definitions below.

2. The definitions proffered herein do not purport to expand the obligations to produce documents, electronically stored information or tangible things other than customer calling records or subscriber information as kept in the usual course of business.

<u>DEFINITIONS</u>

1. "You" or "your" includes but is not limited to Domains By Proxy LLC and any other entities, subsidiaries or capacities which you possess an interest in.

2. "Customer" shall refer any account which is tied to an individual customer, individual, or entity, and shall be broadly construed.

3.  "Person(s)" includes not only natural persons, but also firms, limited liability companies, professional limited liability companies, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations.

4. "Payment methods" means debit, credit, cryptocurrency, and other methods of payment for products and services offered by You.

5. "Payment service providers" means companies who provide to You and your customers payment methods, including but not limited to Visa, Mastercard, American Express, PayPal, and CashApp.

6. As used herein, any reference to any "person" includes the present and former officers, members, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of the person and also its subsidiaries, affiliates, divisions, and predecessors and successors in interest.

7. The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (i.e., "ing," "ed," etc.) shall be construed to include each other.

8. The following rules of construction apply to these discovery requests:

   i. **All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

   ii. **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

   iii. **Number.** The use of the singular form of any word includes the plural and vice versa.

   iv. **Gender.** The masculine shall be construed to include the feminine and vice versa.

   v. **Tense.** The present tense shall be construed to include the past tense and vice versa.

9. "Knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

10. "Including" shall have its ordinary meaning and shall mean "including but not 2

limited to" and shall not indicate limitation to the examples or items mentioned.

11. "Reflect, refer, or relate to" means reflecting, referring to, relating to, regarding, describing, evidencing, discussing, concerning, mentioning, pertaining to, alluding to, or associated with or constituting, directly or indirectly.

12. "To present" means to the date on which you respond to these interrogatories and requests.

13. "Document(s)" include all "writings," "recordings," and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence ("FRE"), and should be construed in the broadest sense permissible. Accordingly, "document(s)" includes, but is not limited to, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video tape) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made. Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or documentary materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. In addition, the word "document(s)" encompasses all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including but not

limited to "email," "voice mail," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

14. "Communication" means the transmittal of information (in the form of facts, digits, numbers, alphanumeric representations, ideas, inquiries or otherwise).

15. Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, telephone number (including, where applicable, country code) and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

16. Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s), addressee(s) and recipient(s); (v) the location of the document; (vi) the identity of the person who has custody of the document; (vii) Whether the document has been destroyed, and if so, the date of its destruction, the reason for its destruction and the identity of the person who destroyed it or caused it to be destroyed.

## SCHEDULE OF DOCUMENTS TO BE PRODUCED

For the domain name Zaifint.com for which Domains by Proxy LLC served as – or was listed as – the registrant between 1 April 2023 and 15 January 2024:

1. Any and all registration agreements with the domain name.

2. Name, telephone number, physical address, **<u>financially responsible party identifiers</u>**, and electronic mail address of the person(s) and/or entities listed or known to be registrants of the above-noted domain name.

3. Payment methods and payment service providers for the financially responsible parties who paid for the registration of the site.

All responsive data is to be provided in both Adobe PDF format and Microsoft Excel format, unless otherwise arranged with plaintiff's counsel.

Please indicate in your response to this subpoena if there is any data loss due to the time difference between the date of the receipt of this subpoena and the time period requested, and if so, a detailed description of what data is not recoverable.

# Proposed Subpoena to
Foris Dax, Inc.

# ATTACHMENT A
## to
## Plaintiff Gerland Knoll's Subpoena to Foris Dax, Inc.

### INTRODUCTION

1. Plaintiff Gerald Knoll hereby requests that, for the purposes of complying with the subpoena commanding production of documents, electronically stored information, or tangible things (duces tecum), that FORIS DAX, INC. d/b/a Crypto.com (hereinafter "Crypto.com") utilize the proffered definitions below.

2. The definitions proffered herein do not purport to expand the obligations to produce documents, electronically stored information or tangible things other than customer calling records or subscriber information as kept in the usual course of business.

### DEFINITIONS

1. "You" or "Your" includes but is not limited to FORIS DAX, INC. d/b/a Crypto.com and any other entities, subsidiaries or capacities which you possess an interest in, including but not limited to FORIS DAX FCM, LLC; FORIS DAX CAPITAL, INC; and FORIS DAX LIMITED.

2. "Customer" shall refer to any user of offline, online, or blockchain-based product, platform, software, or services offered by Crypto.com, including Crypto.com cryptocurrency exchange.

3. "Customer Account" shall refer any account which is tied to an individual customer, individual, or entity, and shall be broadly construed so as to include all custodial and non-custodial wallets, fiat accounts, crypto accounts, and deposit accounts.

4. "Financial Accounts and Designated Financial Institutions" shall refer to any account at an institution legally separate from You, such as a retail bank, investment bank, brokerage,

etc, which Your Customers use to make deposits and withdrawals in US Dollars to and from Your platform.

5.  "Person(s)" includes not only natural persons, but also firms, limited liability companies, professional limited liability companies, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations.

6. As used herein, any reference to any "person" includes the present and former officers, members, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of the person and also its subsidiaries, affiliates, divisions, and predecessors and successors in interest.

7. The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (i.e., "ing," "ed," etc.) shall be construed to include each other.

8. The following rules of construction apply to these discovery requests:

    i. **All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

    ii. **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    iii. **Number.** The use of the singular form of any word includes the plural and vice versa.

    iv. **Gender.** The masculine shall be construed to include the feminine and vice versa.

    v. **Tense.** The present tense shall be construed to include the past tense and vice versa.

9. "Knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

10. "Including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

11. "Reflect, refer, or relate to" means reflecting, referring to, relating to, regarding, describing, evidencing, discussing, concerning, mentioning, pertaining to, alluding to, or associated with or constituting, directly or indirectly.

12. "To present" means to the date on which you respond to these interrogatories and requests.

13. "Document(s)" include all "writings," "recordings," and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence ("FRE"), and should be construed in the broadest sense permissible. Accordingly, "document(s)" includes, but is not limited to, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video tape) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made. Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or documentary materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith.

In addition, the word "document(s)" encompasses all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including but not limited to "email," "voice mail," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

14. "Communication" means the transmittal of information (in the form of facts, digits, numbers, alphanumeric representations, ideas, inquiries or otherwise).

15. Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, telephone number (including, where applicable, country code) and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

16. Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s), addressee(s) and recipient(s); (v) the location of the document; (vi) the identity of the person who has custody of the document; (vii) Whether the document has been destroyed, and if so, the date of its destruction, the reason for its destruction and the identity of the person who destroyed it or caused it to be destroyed.

## SCHEDULE OF DOCUMENTS TO BE PRODUCED

For any and all Crypto.com customer accounts which, as of 25 March 2024, received cryptocurrency in Ethereum blockchain transaction bearing the following transaction hash: 0xc2b3e0047e164f593bd97ce4b35f062c1f5aa4d035b6f8bd5fef9739d6abc4c5:

1. Complete Know Your Customer (KYC) information – including but not limited to

legal names and aliases; dates of birth; government-issued identification card including passport, driver's license, and other photo identity cards; proof of address such as utility bills; and source of funds information – for each customer associated with each of the above-referenced accounts.

2. Financially Responsible Party information, including mailing address, residential address, billing address, and ultimate beneficial owner identities.

3. Information identifying which Financial Accounts and Designated Financial Institutions have been (or currently are) linked to the above-referenced customer accounts.

4. The approximate total US Dollar value of any fiat currency and digital assets presently in the Customer Account.

All responsive data is to be provided in both Adobe PDF format and Microsoft Excel format, unless otherwise arranged with plaintiff's counsel.

Please indicate in your response to this subpoena if there is any data loss due to the time difference between the date of the receipt of this subpoena and the time period requested, and if so, a detailed description of what data is not recoverable.

# Proposed Subpoena to
Lycamobile USA Inc.

# ATTACHMENT A
## to
## Plaintiff Gerald Knoll's Subpoena to Lycamobile USA Inc.

### INTRODUCTION

1. Plaintiff Gerald Knoll hereby requests that, for the purposes of complying with the subpoena commanding production of documents, electronically stored information, or tangible things (duces tecum), Lycamobile USA Inc. d/b/a Lycaplus d/b/a LycaMobile (hereinafter "Lycamobile") utilize the proffered definitions below.

2. The definitions proffered herein do not purport to expand the obligations to produce documents, electronically stored information or tangible things other than customer calling records or subscriber information as kept in the usual course of business.

### DEFINITIONS

1. "You" or "your" includes but is not limited to Lycamobile USA Inc. and any other entities, subsidiaries or capacities which you possess an interest in, including any branded or styled as Lycaplus or LycaMobile.

2. "Customer" shall refer any account which is tied to an individual customer, individual, or entity, and shall be broadly construed.

3. "Person(s)" includes not only natural persons, but also firms, limited liability companies, professional limited liability companies, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations.

4. As used herein, any reference to any "person" includes the present and former officers, members, executives, partners, directors, trustees, employees, attorneys, agents,

representatives, and all other persons acting or purporting to act on behalf of the person and also its subsidiaries, affiliates, divisions, and predecessors and successors in interest.

5. The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (i.e., "ing," "ed," etc.) shall be construed to include each other.

6. The following rules of construction apply to these discovery requests:

  i. **All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

  ii. **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

  iii. **Number.** The use of the singular form of any word includes the plural and vice versa.

  iv. **Gender.** The masculine shall be construed to include the feminine and vice versa.

  v. **Tense.** The present tense shall be construed to include the past tense and vice versa.

7. "Knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

8. "Including" shall have its ordinary meaning and shall mean "including but not 2 limited to" and shall not indicate limitation to the examples or items mentioned.

9. "Reflect, refer, or relate to" means reflecting, referring to, relating to, regarding, describing, evidencing, discussing, concerning, mentioning, pertaining to, alluding to, or associated with or constituting, directly or indirectly.

10. "To present" means to the date on which you respond to these interrogatories and requests.

11. "Document(s)" include all "writings," "recordings," and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence ("FRE"), and should be construed in the broadest sense permissible. Accordingly, "document(s)" includes, but is not limited to, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video tape) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made. Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or documentary materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. In addition, the word "document(s)" encompasses all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including but not limited to "email," "voice mail," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

12. "Communication" means the transmittal of information (in the form of facts, digits, numbers, alphanumeric representations, ideas, inquiries or otherwise).

13. Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, telephone

number (including, where applicable, country code) and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

14. Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s), addressee(s) and recipient(s); (v) the location of the document; (vi) the identity of the person who has custody of the document; (vii) Whether the document has been destroyed, and if so, the date of its destruction, the reason for its destruction and the identity of the person who destroyed it or caused it to be destroyed.

<u>SCHEDULE OF DOCUMENTS TO BE PRODUCED</u>

For the phone number 1 (786) 558-6385 for the period of time between 20 September 2023 and 20 April 2024:

1. Subscriber information for the above-listed number, including financially responsible party and billing address.

All responsive data is to be provided in both Adobe PDF format and Microsoft Excel format, unless otherwise arranged with plaintiff's counsel.

Please indicate in your response to this subpoena if there is any data loss due to the time difference between the date of the receipt of this subpoena and the time period requested, and if so, a detailed description of what data is not recoverable.

# Proposed Subpoena to

Meta Platforms, Inc.

# ATTACHMENT A
## to
## Plaintiff Gerald Knoll's Subpoena to Meta Platforms, Inc.

<u>INTRODUCTION</u>

1. Plaintiff Gerald Knoll hereby requests that, for the purposes of complying with the subpoena commanding production of documents, electronically stored information, or tangible things (duces tecum), that META PLATFORMS, INC. (hereinafter "Meta") utilize the proffered definitions below.

2. The definitions proffered herein do not purport to expand the obligations to produce documents, electronically stored information or tangible things other than customer calling records or subscriber information as kept in the usual course of business.

<u>DEFINITIONS</u>

1. "You" or "your" includes but is not limited to Meta and any other entities, subsidiaries or capacities which you possess an interest in, including by not limited to Meta Platforms Inc. and WhatsApp LLC.

2. "Customer" shall refer any account which is tied to an individual customer, individual, or entity, and shall be broadly construed.

3. "Person(s)" includes not only natural persons, but also firms, limited liability companies, professional limited liability companies, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations.

4. As used herein, any reference to any "person" includes the present and former officers, members, executives, partners, directors, trustees, employees, attorneys, agents,

representatives, and all other persons acting or purporting to act on behalf of the person and also its subsidiaries, affiliates, divisions, and predecessors and successors in interest.

5. The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (i.e., "ing," "ed," etc.) shall be construed to include each other.

6. The following rules of construction apply to these discovery requests:

   i. **All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

   ii. **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

   iii. **Number.** The use of the singular form of any word includes the plural and vice versa.

   iv. **Gender.** The masculine shall be construed to include the feminine and vice versa.

   v. **Tense.** The present tense shall be construed to include the past tense and vice versa.

7. "Knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

8. "Including" shall have its ordinary meaning and shall mean "including but not 2 limited to" and shall not indicate limitation to the examples or items mentioned.

9. "Reflect, refer, or relate to" means reflecting, referring to, relating to, regarding, describing, evidencing, discussing, concerning, mentioning, pertaining to, alluding to, or associated with or constituting, directly or indirectly.

10. "To present" means to the date on which you respond to these interrogatories and requests.

11. "Document(s)" include all "writings," "recordings," and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence ("FRE"), and should be construed in the broadest sense permissible. Accordingly, "document(s)" includes, but is not limited to, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video tape) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made. Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or documentary materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. In addition, the word "document(s)" encompasses all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including but not limited to "email," "voice mail," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

12. "Communication" means the transmittal of information (in the form of facts, digits, numbers, alphanumeric representations, ideas, inquiries or otherwise).

13. Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, telephone

number (including, where applicable, country code) and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

14. Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s), addressee(s) and recipient(s); (v) the location of the document; (vi) the identity of the person who has custody of the document; (vii) Whether the document has been destroyed, and if so, the date of its destruction, the reason for its destruction and the identity of the person who destroyed it or caused it to be destroyed.

<u>SCHEDULE OF DOCUMENTS TO BE PRODUCED</u>

For any and all Facebook and WhatsApp accounts connected to the phone number (786) 558-6385 for the period of time between 20 September 2023 and 20 April 2024:

1. User and subscriber information for the above-listed number, including financially responsible party and billing address.

2. A log showing the IP addresses, dates, and times from which the account user(s) accessed any and all Facebook and WhatsApp features or services.

3. An explanation of how to read the records produced.

All responsive data is to be provided in both Adobe PDF format and Microsoft Excel format, unless otherwise arranged with plaintiff's counsel.

Please indicate in your response to this subpoena if there is any data loss due to the time difference between the date of the receipt of this subpoena and the time period requested, and if so, a detailed description of what data is not recoverable.